UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GARY E. BOLTON, SR., | No. 15-cv-3365 LB |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | [Re: ECF No. 1] |
| OFFICERS HALL & SANTANA; et al., | |
| Defendants. | |

## INTRODUCTION

Gary E. Bolton, Sr., formerly an inmate at the Martinez Detention Facility and now at Napa State Hospital, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. Mr. Bolton has consented to proceed before a magistrate judge. (ECF No. 1 at 4.)[1] His complaint is now before the court for review under 28 U.S.C. § 1915A. This order dismisses the complaint, and requires Mr. Bolton to file an amended complaint.

## STATEMENT

The rather confused complaint alleges the following: Several times, Mr. Bolton's property was taken and he later found it at what appeared to be crime scenes. (ECF No. 1 at 3.) On another

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

15-cv-3365 LB
ORDER

1  occasion, he heard a woman calling for help so he jumped a fence to help her and then was
2  apprehended by Richmond police officers as he jumped back over the fence to exit the area. The
3  officers "switched" because it was a special agent who apprehended him and officers Hall and
4  Santana who drove him to the police station, or vice versa. (*Id.*) Mr. Bolton has "been followed by
5  special agents" for the last three years and has been "set up so many times" he has "lost count." (*Id*
6  at 5-6.) Mr. Bolton has made reports to the police about checks, diamonds and gold he has found; he
7  has made reports about dead bodies he has found in trash cans; he was shot and the police said he
8  was dead but he saved his own life by calling 911; he jumped out of a medic van on the freeway and
9  fled near Hercules; he wrote to the mayor that he found a check for $4.69 million and tried to turn it
10 in; and special agents stopped his phone from working and let people with cases try to harm him.
11 (*Id.*)[2]

## ANALYSIS

13 A federal court must engage in a preliminary screening of any case in which a prisoner seeks
14 redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.
15 § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims
16 which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
17 monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b).
18 The complaint must contain "a short and plain statement of the claim showing that the pleader is
19 entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . .
20 . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

---

[2] In letters submitted after he filed his complaint, Mr. Bolton describes other problems he has experienced. In one letter, Mr. Bolton wrote that he was almost killed for insurance proceeds, has had his blood taken and fears that his body parts will be stolen. (ECF No. 7 at 1-2.) He explained the basis for his knowledge: "I have a gift so I now people were comeing at me paided to set me up." (*Id.* at 2 (errors in source).) He also explained that he really enjoys porn, and has "a porn problem." (*Id.*) In another letter, Mr. Bolton wrote that he was "tired" of officers calling him a pervert, because he has "the right to watch porn if [he] want[s] to." (ECF No. 8 at 2.) He also wrote that his uncle was trying to have him killed and has paid officers to kill him. (ECF No. 8.) In a third letter, Mr. Bolton wrote that someone was trying to kill him while he was on the streets, and that the property receipt the police prepared when he was taken into custody was incorrect in that it omitted the diamonds and cash he had in his possession when arrested. (ECF No. 9.)

UNITED STATES DISTRICT COURT
For the Northern District of California

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The civil rights complaint has two major problems and therefore must be amended. First, the complaint does not allege facts showing the violation of any of Mr. Bolton's rights under the Constitution or laws of the United States. Most of the complaint appears to be an effort to provide innocent explanations for Mr. Bolton's connections to potential criminal activity. Moreover, the complaint does not allege a claim to relief that is plausible on its face. Second, Mr. Bolton did not allege any constitutional violations by the defendants listed in the complaint.

Mr. Bolton will be permitted to file an amended complaint. In his amended complaint, Mr. Bolton must allege facts showing what each defendant did that amounted to a violation of his rights under the Constitution or laws of the United States. Mr. Bolton must link each proposed defendant to his claim by explaining what each defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer*, 844 F.2d at 634.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed and the complaint is **DISMISSED WITH LEAVE TO AMEND**. The amended complaint must be filed no later than **October 23, 2015**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Bolton is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: September 23, 2015

_____
LAUREL BEELER
United States Magistrate Judge